NOT DESIGNATED FOR PUBLICATION

No. 116,032

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SADAYA MIQUAN MARSHALL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Pottawatomie District Court; JEFFREY R. ELDER, judge. Opinion filed March 10, 2017. Affirmed.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Amanda G. Voth*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before PIERRON, P.J., HILL, J., and WALKER, S.J.

*Per Curiam*: Claiming that she had not absconded, Sadaya Miquan Marshall argues that she should have received an intermediate sanction instead of being sent to prison after the court revoked her probation. Our review of the record reveals that the court required the State to present evidence proving its claim that Marshall had absconded. Substantial competent evidence supports the court's finding that Marshall had absconded and we affirm.

1

*Placed on probation in 2013, Marshall violated her probation twice.*

Marshall pled no contest to one count of nonresidential burglary and theft. The court sentenced her to serve 16 months for the burglary and a consecutive 6 months for the theft. Marshall was placed on probation for 24 months.

In April 2014, the State asked the court to revoke Marshall's probation for violations of its terms. At the hearing on the State's motion, the court ordered Marshall to serve up to 60 days in the county jail unless a drug treatment program became available, and extended her probation for an additional 24 months. Marshall was released from her jail sentence when she received placement at a treatment facility, but she subsequently walked out of treatment.

In late 2015, the State once again asked the court to revoke Marshall's probation for various reasons:
- Failure to report;
- failure to inform her supervising officer of her current address;
- failure to comply with drug treatment; and
- absconding from probation.

At the first hearing of this motion for revocation, Marshall stipulated to the violation of probation as it was stated in the State's affidavit. But then at the dispositional hearing on the violation, Marshall rescinded her stipulation that she absconded.

In response, the district court held a later hearing where the State presented evidence of Marshall's alleged absconding. At that hearing, Penny Walker, Marshall's probation supervisor, testified that in May 2015, she tried to verify Marshall's home address. Walker was told that Marshall did not live at that address. At the end of May 2015, Marshall sent a text message to Walker. In the text, Marshall told Walker that she was

2

living with her aunt, but did not give any address. Marshall also stated that she was attempting to get into Valeo and asked if there was a warrant for her arrest.

Walker did not respond to the text. At the time Walker received the text, she believed she had filed an affidavit in support of a second probation revocation. The office to which she sent the affidavit did not receive it. Walker testified that Marshall was not at Valeo after she had received Marshall's text. Ultimately, Walker testified that Marshall was not amenable to probation based upon her experience.

The district court found that Marshall's text message to Walker and Walker's actions showed more than just a failure to report. The court found Marshall had violated her probation by absconding. The district court revoked Marshall's probation and ordered her to serve her original sentence.

*Intermediate sanctions are unnecessary for one who absconds from probation.*

Marshall argues that the district court erred in revoking her probation when it found she had absconded. We review such questions first to see if substantial competent evidence supports the court's finding that the State has established a probation violation by a preponderance of the evidence. See *State v. Skolaut*, 286 Kan. 219, 227, 182 P.3d 1231 (2008). Once a probation violation has been established, whether revocation is appropriate is reviewed for an abuse of discretion. *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997 (2015), *rev. denied* 302 Kan. 1015 (2015).

The court's finding that a probationer has absconded is significant. The law concerning probation revocations—K.S.A. 2015 Supp. 22-3716—controls this case. The statute requires a sentencing court to impose a graduated series of intermediate sanctions on a probationer for probation violations unless one of three exceptions applies. K.S.A. 2015 Supp. 22-3716(c). The exceptions are:

3

- Committing a new felony while on probation;

- absconding from probation; and

- the district court making a specific determination that the safety of the community or welfare of the probationer would not be served by an intermediate sanction. K.S.A. 2015 Supp. 22-3716(c)(8)-(9).

Here, the State alleged that Marshall had absconded from probation.

This court has held that absconding requires more than a mere failure to report. *Huckey*, 51 Kan. App. 2d at 455. Kansas has adopted the definition of abscond from Black's Law Dictionary. *Huckey*, 51 Kan. App. 2d at 455; see *State v. Campbell*, No. 100,660, 2010 WL 198502, at *1 (Kan. App. 2010) (unpublished opinion). To abscond, one must "depart secretly or suddenly, especially to avoid arrest, prosecution or service of process." Black's Law Dictionary 8 (10th ed. 2014).

Here, Marshall missed a home visit by her supervisor, Walker. The address for the home visit was the one Marshall had given Walker. Walker was told that Marshall did not live at the address. After the missed home visit, Marshall sent a text message to Walker that stated she was living with her aunt, but provided no address. In the text message, Marshall asked if there was a warrant for her arrest and stated she was trying to get into Valeo.

Walker did not respond to the text message because she thought she had filed an affidavit to revoke probation. Walker later learned that no affidavit had been received. After Walker received the text message, Marshall was not in Valeo. Walker did not know where Marshall was located.

4

Marshall not living at the address she had given Walker is more than a mere failure to report. See *State v. Seaman*, No. 111,805, 2015 WL 4879018, at *2 (Kan. App. 2015) (unpublished opinion); see *State v. Coffman*, No. 112,885, 2015 WL 9287029, at *4 (Kan. App. 2015) (unpublished opinion) *rev. denied* 305 Kan. ___ (November 15, 2016).

Based upon the terms of Marshall's probation, she was required to notify Walker of any change of address. In *Seaman*, a panel of this court held that the probationer absconded based upon leaving a residence for 3 weeks, not notifying the probation officer of a change of address, and not returning communications from community corrections. 2015 WL 4879018, at *2. Specifically, the court stated: "These actions fit squarely within the definition of abscond . . . adopted by this court in *Huckey*." 2015 WL 4879018, at *2. Based upon *Seaman*, Marshall's actions of not living at the address provided and failing to provide a change of address fits within the definition of absconding.

Based upon this record, we find there is substantial competent evidence to support the court's finding that Marshall had absconded. The district court acted within its discretion to revoke probation and impose Marshall's prison sentence.

Affirmed.